**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| MAURICE BONHAM, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV626-033 |
| | ) | |
| LT. TILLMAN, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Maurice Bonham filed the instant 42 U.S.C. § 1983 Complaint alleging that officers at Jenkins Correctional Center failed to protect him from an attack by other inmates in the Middle District of Georgia. *See generally* doc. 1. It was transferred to this Court. Doc. 4. The Court granted Bonham leave to proceed *in forma pauperis*. Doc. 8. He has returned the required forms and paid the initial partial filing fee. *See* docs. 10 & 11; *see also* docket entry dated Aug. 10, 2026. The Court, therefore, proceeds to screen his Complaint. *See* 28 U.S.C. § 1915A. Although Bonham's Complaint fails to state any claim upon which relief may be granted, he will have an opportunity to amend it.

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*,

574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6) standard, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011).

Bonham alleges that he alerted Defendant Jeff to a theft of property from his cell. Doc. 1 at 4. Jeff and Tillman took no action. *Id.* "Minutes later," Bonham alleges he was stabbed by an unidentified "validated gang member for reporting the robbery." *Id.* He alleges that there had been a previous "similar incident," but does not explain the similarity. *Id.* at 6. He alleges that Defendants "overheard [his] distress call," when he identified the inmates responsible. *Id.* The remaining allegations concerning the Defendants' authority and failure to take reasonable measures to prevent the attack are entirely conclusory. *Id.*

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833

(1994) (quotes and cites omitted). However, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)). The Eleventh Circuit has recently clarified that, to establish subjective recklessness, the plaintiff must show "that the defendant was actually subjectively aware that his own conduct," whether action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Moreover, in the context of a failure-to-protect claim, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown*, 894 F.2d at 1537 (internal quotation marks and citation omitted). Generalized "risk" of altercations between prisoners is not sufficient. As this Court has observed: "Prisons are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to

trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger." *Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted). Bonham's vague allegations concerning what he told Defendants about his concerns of potential retaliation are insufficient to allege, either that the risk from the other inmates was sufficiently specific or that any Defendant was sufficiently aware of any risk to state a claim.

An immediate specific risk is not the only way to plead a failure-to-protect claim, however. As this Court has explained, "[a]mple case law in this Circuit makes clear a plaintiff may show a substantial risk of serious harm in the context of establishing personal liability for failure to protect under either a particularized threat or a dangerous conditions theory . . . ." *Hakeem v. Adams*, 2025 WL 918169, at *5 (S.D. Ga. Mar. 26, 2025). Generalized allegations of sporadic violence or security lapses are insufficient to support a "dangerous conditions" claim. *See, e.g.*, *Williams v. Warden, Century Corr. Inst.*, 2025 WL 3635028, at *5 (N.D. Fla. Oct. 16, 2025) (to support a dangerous conditions claim, "a plaintiff must point to specific features of a facility or its population that render it particularly violent."); *Jackson v. Bobbitt*, 2024 WL 841190, at *4 (M.D.

Ga. Feb. 28, 2024) ("Plaintiff's conclusory allegation that his dormitory needed 'better patrols' falls short of suggesting that [the prison] was an institution in which serious inmate-on-inmate violence was the norm or something close to it or that pervasive staffing and logistical issues rendered prison officials unable to address near-constant violence." (internal quotation marks, alterations, and citations omitted)); *Brown v. Emmons*, 2023 WL 12088014, at *3 (N.D. Ga. Dec. 5, 2023) ("unadorned conclusory allegations" of dangerous condition, including "failing to staff the control booth in [plaintiff's] dormitory," where "the only specific incident referenced in the complaint is plaintiff's own[,] . . . are insufficient to state a claim." (citations omitted)). Finally, to assert a failure-to-protect claim arising out of pervasive risk, "alleging a single prior incident . . . does not come close to alleging the longstanding, pervasive, well-documented history of similar attacks that would be necessary to state a . . . claim . . . ." *Dietrich v. County of Orange*, 2020 WL 5209816, at *4 (S.D.N.Y. Sept. 1, 2020) (internal quotation marks and citation omitted)). Bonham's allegation about a single prior incident cannot support a pervasive-danger claim and all of his allegations are too vague to support a claim.

Despite the Complaint's failure to state a claim upon which relief may be granted, Bonham is entitled to an opportunity to amend it. *See Jenkins v. Walker*, 620 F. App'x 709, 711 (11th Cir. 2015) ("Generally, when a more carefully drafted complaint might state a claim, a district court should give a pro se plaintiff at least one chance to amend the complaint before the court dismisses the action." (citations omitted)). Accordingly, Bonham is **DIRECTED** to file an Amended Complaint no later than September 2, 2026. The Clerk is **DIRECTED** to include a copy of form Pro Se 14 (Complaint for Violation of Civil Rights (Prisoner)) for Bonham's convenience. Bonham is advised that failure to timely submit his amended pleading may result in dismissal of his case for failing to obey a court order or failure to prosecute. *See* Fed. R. Civ. P. 41(b).

**SO ORDERED**, this 17th day of August, 2026.

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA