**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF GEORGIA**
**STATESBORO DIVISION**

| | | |
|---|---|---|
| MAURICE BONHAM,<br><br>Plaintiff,<br><br>v.<br><br>LT. TILLMAN, *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CV626-033 |

**ORDER AND REPORT AND RECOMMENDATION**

Plaintiff Maurice Bonham filed a 42 U.S.C. § 1983 Complaint in the Middle District of Georgia alleging that officers at Jenkins Correctional Center failed to protect him from an attack by other inmates. *See generally* doc. 1. It was transferred to this Court. Doc. 4. The Court granted Bonham leave to proceed *in forma pauperis*. Doc. 8. He returned the required forms and paid the initial partial filing fee. *See* docs. 10 & 11; *see also* docket entry dated Aug. 10, 2026. The Court screened his Complaint, concluded that it failed to state any claim upon which relief could be granted, and directed him to amend it. Doc. 15. He has now submitted his Amended Complaint, albeit untimely. Doc. 16. For the reasons explained below, his Amended Complaint should be

**DISMISSED** for failing to state a claim upon which relief may be granted. Doc. 16.

Before discussing the substance of Bonham's Amended Complaint, the Court must address its untimeliness. The Court's prior Order directed Bonham to submit his Amended Complaint by no later than September 2, 2026. Doc. 15 at 7. The Amended Complaint is deemed filed on October 6, 2026. Doc. 16 at 13; *see, e.g., Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001) (the "prison mailbox rule," provides that a prisoner's filings are deemed filed on the date that they were submitted for mailing and presumes that they were submitted on the date that they were signed). Although it was submitted more than a month after the deadline, Bonham has included a request that the Court accept the filing. *See* doc. 16 at 14. He explains that he did not receive the Court's prior Order until shortly before he prepared and submitted the Amended Complaint. *Id.* The Court construes his explanation as a Motion, pursuant to Federal Rule of Civil Procedure 6(b)(1)(B). So construed, it is **GRANTED**. The Court, therefore, proceeds to screen the Amended Complaint.

Under the Prison Litigation Reform Act (PLRA), a federal court is required to conduct an initial screening of all prisoner complaints. 28 U.S.C. § 1915A(b). In conducting the review, the Court must identify all "cognizable claims" and dismiss the complaint, or any portion thereof, that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* The complaints of unrepresented parties are held to a less stringent standard than those drafted by an attorney and are afforded a liberal construction, *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers (internal quotations omitted)); however, they must still comply with procedural requirements, *McNeil v. United States*, 508 U.S. 106, 113 (1993).

To state a claim, a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). "A plaintiff . . . must plead facts sufficient to show that [his] claim has substantive plausibility" and to inform the defendant of "the factual basis" for the complaint. *Johnson v. City of Shelby, Miss.*,

574 U.S. 10, 12 (2014). The complaint must contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In its review, the Court also applies the Federal Rule of Civil Procedure 12(b)(6) standard, *Leal v. Ga. Dep't of Corr.*, 254 F.3d 1276, 1278-79 (11th Cir. 2001), accepting all allegations as true and construing them in the light most favorable to the plaintiff. *Bumpus v. Watts*, 448 F. App'x 3, 4 n. 1 (11th Cir. 2011).

Although the Amended Complaint's allegations are more extensive, they are substantially similar to the Complaint's. *Compare* doc. 16 at 4-6, *with* doc. 1 at 4. Bonham alleges that when he returned to his cell after a meal, he discovered that some of his property had been stolen. Doc. 16 at 4-5. He reported the theft to Defendants Jeff and Tillman. *Id.* They did not take any immediate action and fifteen minutes later, he was stabbed by another inmate. *Id.* The Amended Complaint expressly concedes that Bonham "do[es] not allege that Captain Jeff or Lt. Tillman necessarily knew beforehand that [the other inmate] would attack [him]," but contends that their knowledge of the theft, which he describes as a

"security incident," renders their failure to "take protective measures," actionable. *Id.* at 5-6. He is incorrect.

"[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (quotes and cites omitted). However, "[p]rison officials must have been deliberately indifferent to a known danger before we can say that their failure to intervene offended 'evolving standards of decency,' thereby rising to the level of a constitutional tort." *Brown v. Hughes*, 894 F.2d 1533, 1537 (11th Cir. 1990) (citing *Estelle*, 429 U.S. at 105-06). The Eleventh Circuit has recently clarified that, to establish subjective recklessness, the plaintiff must show "that the defendant was actually subjectively aware that his own conduct," whether action or inaction, "caused a substantial risk of serious harm to the plaintiff." *Wade v. McDade*, 106 F.4th 1251, 1262 (11th Cir. 2024). Moreover, in the context of a failure-to-protect claim, the threat must rise to the level of "a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference." *Brown*, 894 F.2d at 1537 (internal quotation marks and citation omitted). Generalized "risk" of altercations between prisoners is not sufficient. As this Court has observed: "Prisons

are dangerous places because they are filled with people society has already deemed too dangerous to live amongst law abiding persons. Prisoners will always be at some risk of harm simply by being surrounded by these people. [Cit.] In order to trigger a failure-to-protect claim, a plaintiff must allege that the threat rose above the background danger." *Goodson v. Benton*, 2020 WL 975089, at *2 (S.D. Ga. Jan. 16, 2020) (citations omitted). Knowledge of a theft is simply not the kind of specific threat that officers are deliberately indifferent for failing to address. *See, e.g., Williams v. DeKalb Cnty. Jail*, 638 F. App'x 976, 976-77 (11th Cir. 2016) (affirming dismissal of failure-to-protect claim where officers knew of a reported theft); *Aruanno v. Att'y Gen. of N.J.*, 2023 WL 6130617, at *3 (D.N.J. Sept. 19, 2023) ("Plaintiff does not state a failure to protect claim based on attempted theft absent a threat to his health and safety."). Since Bonham does not allege that Defendants were deliberately indifferent to a specific threat posed by his alleged assailant, the Amended Complaint fails to state any claim upon which relief may be granted.

Since Bonham's Amended Complaint fails to state a claim upon which relief may be granted, it should be **DISMISSED**. Doc. 16; 28

U.S.C. § 1915A(b)(1). This Report and Recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to the R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations."

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonette v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. United States*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO ORDERED AND REPORTED AND RECOMMENDED**, this 22nd day of October, 2026.

Christopher L. Ray

CHRISTOPHER L. RAY
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA